Havelick *et al.* v. Havelick, Administrator.

*Appeal from Chickasaw District Court — Wednesday,
April 19, 1865.*

SUFFICIENCY OF EVIDENCE TO SUPPORT JUDGMENT OF THE COURT BELOW
DISCUSSED.

The opinion of the court was announced by—

Wright, Ch. J.—Plaintiffs are the children of the decedent, Malichi Havelick and Nancy Havelick. The mother died in 1839. Shortly before her death, as plaintiffs claim, she received from her father's estate six hundred dollars, which she intrusted to the husband for the children, and which he promised and undertook to pay to them when they attained their majority. In April, 1864, Malichi departed this life, and this action was commenced before the county court, to recover this six hundred dollars with interest. Defendant plead in denial and the statute of limitations. The county court refused to allow the claim. On appeal to the District Court the cause was submitted to the judge, who, upon the whole testimony, found for defendant. No facts were found; no conclusions of law stated; but simply the general conclusion, like the verdict of a jury, that plaintiffs ought not to recover. A motion for a new trial, upon the ground that the finding was against the law and evidence, was made and overruled. And this action is the only matter complained of in this court.

Whether the court below held the claim to be barred by the statute of limitations, or that the alleged agreement of the father was within the statute of frauds (a question discussed to some extent by counsel, but not referred to in the pleadings), or that there was no sufficient evidence to show the promise or undertaking relied upon by plaintiffs, does not appear. If the ruling was made upon this last ground, we are not prepared to say that it was so manifestly in conflict with the weight of evidence as to justify our interference. And as we are bound to presume in favor of the action of the court, and find in this aspect of it, sufficient to sustain the judgment, we need not discuss the other views and questions suggested by counsel. According to plaintiffs' own theory, this money was placed in the father's hands twenty-five years before this action was brought. The age of plaintiffs is not shown, but they must all have attained their majority three years or more before their father's death. The testimony, for the most part, is that of a witness who undertakes to detail a transaction occurring a quarter of a century since. Taking this lapse of time,

the character of the claim and the relation of the parties into consideration, and remembering that the judge below had opportunities, not possessed by us, of judging of the credibility and character of the witnesses, and we cannot say that plaintiffs present a case warranting our interference.

Affirmed.

*Milo McGlathery* for the appellant — *J. H. Powers* for the appellee.